UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RUCHELL CINQUE MAGEE,            No. C-11-1927 EMC (pr)

          Plaintiff,

      v.                                                **ORDER OF TRANSFER**

P. FLORES, *et al.*,

          Defendants.

_____/

        Plaintiff commenced this civil rights action by filing a complaint in San Francisco County Superior Court. Defendants then removed the action to federal court because claims alleged in the first amended complaint for violations of Plaintiff's rights under the U.S. Constitution presented a federal question.

        Venue is proper in the district located where the state action was pending. *See* 28 U.S.C. § 1441(a). Nonetheless, the court may transfer the action to a different district "[f]or the convenience of parties and witnesses." 28 U.S.C. § 1404(a). Here, the first amended complaint is based on acts and omissions that occurred at the California State Prison - Corcoran in Kings County, which is within the venue of the Eastern District of California. Plaintiff alleges that defendants "connived, plotted and conspired" to have him transferred from one unit to another within the prison, First Amended Complaint, p. 2; to pepper spray him, *id.* at 3; to suppress a correctional classification committee's recommendations and make false charges, *id.*; and to carry out an unfair parole hearing, *id.* at 4. All of the defendants except one allegedly reside in the Eastern District of California. The lone connection to the Northern District of California is that one defendant allegedly resides here: defendant Peter Flores is a California Deputy Attorney General working in San Francisco who

allegedly conspired with the other defendants to do the wrongs alleged in the first amended complaint. Venue would be proper in the Eastern District or the Northern District of California. The Eastern District would be a more convenient forum, however, because plaintiff is incarcerated in that district, all but one of the defendants resides in that district, the acts and omissions complained of took place in that district, and most of the witnesses and evidence likely will be found in that district. Accordingly, pursuant to 28 U.S.C. § 1404(a), and for the convenience of parties and witnesses, this action is **TRANSFERRED** to the United States District Court for the Eastern District of California. The clerk shall transfer this matter.

Plaintiff's "demand for remand of case" is **DENIED**. (Docket # 5.) Plaintiff does not show that Defendants' removal of this action was improper, but only that he would prefer to litigate in state court. "The propriety of removal . . . depends on whether the case originally could have been filed in federal court." *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 163 (1997). Plaintiff's claims that defendants violated his rights under the U.S. Constitution would have given the court federal question jurisdiction if the action originally had been filed in federal court. *See id.* Plaintiff is not entitled to have the action remanded back to state court.

IT IS SO ORDERED.

Dated: July 26, 2011

EDWARD M. CHEN
United States District Judge

2